Lawrence Winston **HARRINGTON,**
Appellant,

v.

**UNITED STATES of America,**
Appellee.

No. 24761.

United States Court of Appeals
Fifth Circuit.

March 18, 1968.

solely an illustration, and when viewed in light of the charge as a whole it was in no way prejudicial to appellant.

Affirmed.

Frank O. Evans, Milledgeville, Ga., Joseph H. Davis, Macon, Ga., for appellant.

Sampson M. Culpepper, Asst. U. S. Atty., Macon, Ga., Justin W. Williams, Atty., Floyd M. Buford, U. S. Atty., Dept. of Justice, Washington, D. C., for appellee.

Before WISDOM, BELL and DYER, Circuit Judges.

PER CURIAM:

 Harrington appeals from his conviction for selling amphetamine tablets without a prescription in violation of 21 U.S.C.A. § 353(b) (1). He asserts that the District Court erred in its charge on the defense of entrapment by failing to "inform the jury as to the requisite burdens of proof and the quantum necessary to sustain each." No objection was made to the charge in the District Court and appellant concedes that the charge was in conformity with that approved in our decisions of Chapman v. United States, 5 Cir. 1959, 271 F.2d 593, cert. denied, 362 U.S. 928, 80 S.Ct. 755, 4 L.Ed. 2d 746 and Kivette v. United States, 5 Cir. 1956, 230 F.2d 749, cert. denied, 355 U.S. 935, 78 S.Ct. 419, 2 L.Ed.2d 418. In these circumstances the charge is certainly not plain error, nor was it error at all. Harrington also complains that he was prejudiced by the use of an illustration of an officer pretending to be an addict for purposes of disguise in the entrapment charge. However, the court made it patently clear to the jury that this was

